## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TRACEY SPRINGHORN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-1191-JTM-KGG |
| | ) | |
| SGT. STRAUT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES AND
## REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with her federal court Complaint alleging violations of her civil rights, Plaintiff Tracey Springhorn has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed).  Having reviewed Plaintiff's motion, as well as her financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP* status but **recommends** Plaintiff's claims be dismissed for failure to state a viable federal cause of action.

I.      **Motion to Proceed Without Prepayment of Fees.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of

financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* ***Yellen v. Cooper***, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In her supporting financial affidavit, Plaintiff indicates she is 40 years old and divorced, with three dependents for whom she provides monthly monetary support. (Doc. 3-1, sealed, at 2.) Plaintiff is currently unemployed and lists no prior employment. (Doc. 3-1, sealed, at 2-3.) Further, she lists no income from other sources, such as unemployment or welfare. (Doc. 3-1, sealed, at 4-5.) She does not own real property but does own one modest automobile. (*Id.*, at 3-4.) She lists a typical rent payment as well as other reasonable expenses, including groceries, automobile insurance, gas, and utilities. (*Id.*, at 5.) She also lists significant student loans. (*Id.*, at 6.) She lists no cash on hand or bank accounts.

(Doc. 3-1, sealed, at 4.)  She has filed for bankruptcy.  (Doc. 3-2, sealed, at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has no monthly income and no financial means with which to pay a filing fee.  The Court finds that Plaintiff has established that her access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* directs that the cases be filed without payment of a filing fee.

## II.     Sufficiency of Complaint and Recommendation for Dismissal.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar

language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007).   In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim

showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint and construing the allegations liberally, if the Court finds that she has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

Plaintiff brings her claims against "Sgt. Straut," who is allegedly employed at McConnell Air Force Base in Wichita.  Her Complaint (Doc. 1) cites as the basis for the action 18 U.S.C. § 242, which criminalizes the deprivation of rights on account of alienage, color or race under the United States Constitution or federal laws under color or law.  She also cites 28 U.S.C. § 1342 as the jurisdictional basis for action, which allows this Court jurisdiction over violations of civil or equal rights, privileges or immunities.  Her factual allegation is essentially that "Sgt. Straut" refused to honor a Kansas State Court order from the Family Law Department in an action between her and the father of her minor children.  She attached the State Court order to her complaint and highlighted the section providing that "[e]ach party has equal right to have physical access to the children as allowed by the daycare and/or school.  The parties understand that they must adhere to the rules regarding parental access to the children by the individual

institution, but that rights are equal as to each party."[1]

The Court is unable to glean a federal cause of action arising out of these allegations. Enforcement of a State Court Order is not within the power of this Court. Further, the failure to comply with a State Court order certainly is not a violation of the U.S. Constitution or laws. She has alleged no facts that she has been denied privileges on account of her alienage, race or color.

Simply stated, the Court cannot glean a comprehensible cause of action upon which relief may be granted from the facts alleged in Plaintiff's Complaint. This requires the Court to **recommend to the District Court the dismissal of Plaintiff's claims** pursuant to 28 U.S.C. §1915(e)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be **DISMISSED** for the failure to state a claim on which relief may be granted. The Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall

---

[1] For purposes of this motion, the Court will presume that Plaintiff's children live on the air force base.

be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days** after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge.  Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 20th day of June, 2016.

 S/ KENNETH G. GALE

KENNETH G. GALE

United States Magistrate Judge